James M. Rickher
Plaintiff, Pro Se
5161 SW Cameron Rd.
Portland, OR 97221
(510) 418-3996
rickher.james@gmail.com


UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION


**JAMES M. RICKHER,**

                Plaintiff,


v.                                                              **Case No. 3:26-cv-00569-AR**

PLAINTIFF'S NOTICE OF
SUPPLEMENTAL AUTHORITY


**MEGAN SULLIVAN**, et al.,

                Defendants.

---

Plaintiff James M. Rickher respectfully submits this Notice of Supplemental Authority to bring to the Court's attention statements made today, May 28, 2026, by Defendant Scott Bessent, Secretary of the Treasury, at a White House press briefing. Secretary Bessent's statements are directly material to the central merits question presented in Plaintiff's First Amended Motion for Preliminary Injunction: whether 31 U.S.C. §5114(b)'s prohibition on living persons' portraits on United States currency applies to coins.

## I. SECRETARY BESSENT'S STATEMENTS AT TODAY'S PRESS BRIEFING

At a White House press briefing held today, May 28, 2026[1], Secretary Bessent addressed reporters' questions regarding a proposed $250 bill bearing President Trump's portrait. Secretary Bessent stated, in relevant part:

> "Well, the again, as Treasury Secretary, I have two mandates for US currency. At present, the no living person can be on US currency and the currency must say "In God we trust." So right now, there is proposed legislation that in front of the House[2], in front of the Senate [sic], to change the first requirement so that a living person, Donald J. Trump, could be on the $250 bill. So it's all in the hands of, it's all in up on Capitol Hill. So at Treasury we prepare things in advance. So we have prepared in advance that if the legislation is passed but we will stick to the law." (minor verbal false starts omitted for clarity)

When questioned again on the matter later in the same briefing, Secretary Bessent reiterated that the prohibition on living persons is a constraint of current law, that the decision whether to change that law is "up to Congress," and that Treasury prepares for various legislative scenarios as a matter of routine procedure but follows existing law as it stands.

## II. RELEVANCE TO THE PENDING MOTION

Secretary Bessent's statements are directly material to this proceeding in three respects:

First, the Secretary confirmed that the categorical prohibition on living persons' portraits is a legal mandate governing "U.S. currency" without qualification or carve-out for coins. The government's opposition brief argues that §5114(b) applies only to paper currency, not to coins. Secretary

---

[1] The briefing was livestreamed by the Associated Press and is publicly available at: https://www.youtube.com/live/Fzi8hz_0yx0 with relevant statements at 6:15–7:01, 19:16–19:36, and 27:11–28:45.

[2] House legislation identified as House Bill: H.R. 1761, "Donald J. Trump $250 Bill Act" introduced: February 27, 2025 with primary sponsor: Rep. Joe Wilson (R-SC). No corresponding Senate legislation could be identified.

Bessent did not draw that distinction. He described his obligations with respect to "U.S. currency" as a category and identified the living-person prohibition as one of two statutory mandates he must obey. His public characterization of the law is consistent with Plaintiff's statutory interpretation and inconsistent with the position the government has advanced in this litigation.

Second, Secretary Bessent's word choice corroborates the plain text of §5114(b). In describing the prohibition, Secretary Bessent did not say "paper currency." He did not say "Federal Reserve notes," he said "U.S. currency" which is the same unqualified term that appears in §5114(b)'s prohibition: "Only the portrait of a deceased individual may appear on United States currency and securities." The government's opposition brief argues that "currency" in §5114(b) means paper only, not coins. Secretary Bessent, when explaining the scope of his own legal obligations to the press, drew no such distinction. He identified the living-person prohibition as a categorical constraint on "U.S. currency" as a whole.

Third, Secretary Bessent's statements constitute a post hoc rationale problem of the government's own making. The opposition brief defends the Trump coin under §5112(i)(4)(C) as a product categorically different from paper currency and therefore outside §5114(b)'s reach. Secretary Bessent, the named defendant whose statutory discretion is the sole basis for the government's defense, publicly described the living-person prohibition as a mandate governing U.S. currency that the Treasury must obey and that only Congress can change. The litigation position and the public position of Secretary Bessent cannot both be correct.

/ / /

**III. CONCLUSION**

Plaintiff respectfully requests that the Court take notice of Secretary Bessent's May 28, 2026 press briefing statements in connection with the pending First Amended Motion for Preliminary Injunction and the hearing scheduled for June 3, 2026.

DATED: May 28, 2026

Respectfully submitted,

/s/ James M. Rickher
James M. Rickher
Plaintiff, Pro Se
5161 SW Cameron Rd.
Portland, OR 97221
(510) 418-3996
rickher.james@gmail.com